IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WESLEY McLEMORE, 219038 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 24-0048-JB-N |
| ) | |
| KATHY HOLT ) | |
| ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION**

Plaintiff Wesley McLemore filed this action under 42 U.S.C. § 1983 as an indigent inmate incarcerated at Muskegon Correctional Facility in Muskegon, Michigan. (Doc. 1). In his complaint, McLemore alleges that his Fourteenth Amendment rights were violated when he was transferred on May 13, 2011, from Holman Correctional Facility in Atmore, Alabama to the State of Michigan. (*Id*. at 2). He is suing Kathy Holt, former Director of Records in Alabama, for transferring him from the State of Alabama to the State of Michigan after his Michigan indictment had expired under the Interstate Agreement on Detainers. (*Id*. at 2-3). After review of the complaint, and for the reasons stated in this report, it is **RECOMMENDED** that this action be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

**I.    Standard of Review**

Because McLemore is a prisoner who has filed suit against a government official, his complaint is due to be screened or reviewed under 28 U.S.C. § 1915A and will be dismissed if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

---

[1]    The assigned District Judge has referred said amended complaint (Doc. 14) to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (9/28/2023 electronic reference notation).

seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b)(1), (2). Dismissal for these causes is mandatory rather than discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint . . . ."). A claim is frivolous under § 1915A(b)(1) "when it appears the plaintiff has 'little or no chance of success.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," or when its "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A claim is frivolous as a matter of law if it is clear the defendant is immune from suit, *id.*, if the plaintiff claims infringement of a legal right that clearly does not exist, *id.*, or if an affirmative defense, such as a statute of limitations, would defeat the claim. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 & n.2 (11th Cir. 1990).

In reviewing the complaint, the Court "accepts the complaint's factual allegations as true[.]" *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021).

**II.    Discussion.**

It is clear from the face of McLemore's § 1983 complaint, his claims are barred by the applicable two-year statute of limitations. The law is well settled that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citing *Wilson v. Garcia*, 471 U.S. 261, 275–76 (1985)). McLemore's complaint was filed in Alabama, where the governing limitations period is two years. *See* Ala. Code § 6–2–38. Therefore, to have his claim heard, McLemore was required to bring it within *two years* from the date that the limitations period began to run. "'[T]he statute of

limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *McNair*, 515 F.3d at 1173 (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)).

In his complaint, McLemore alleges that his Michigan offense occurred on August 4, 2009, with the felony complaint signed on August 26, 2009. (Doc. 1 at 2). McLemore was arrested and jailed on a theft offense in Alabama on November 8, 2009, at which time he requested disposition of the Michigan case through the Interstate Agreement on Detainers. (*Id*.). In 2009-2010, McLemore was convicted of the Alabama theft offense and sentenced to a twenty-year split conviction and taken into custody of the Alabama Department of Corrections. (*Id*.). On March 24, 2011, the "[i]ndictment, information, or complaint lodged by Michigan under the Interstate Agreement on Detainers had EXPIRED." (*Id*.). McLemore claims that upon expiration and pursuant to Article 3 of the Interstate Agreement on Detainers, an order dismissing the indictment should have been issued, but it did not. (*Id*.). Instead, Kathy Holt, "had Plaintiff sign extradition documents on a Violation that occurred a year ago." (*Id*.; *see also* Doc. 1-1 at 2). And "the said document never made it to the Attorney General's Office." (*Id*.). McLemore arrived in Michigan on May 13, 2011, but Wayne County, Michigan prosecutor, Kim Worthy, has stated that he did not come to Michigan under the Interstate Agreement on Detainers. (*Id*. at 2, 3-4). Thus, McLemore challenges how he was transferred from an Alabama prison to Michigan. (*Id*. at 2).

Indeed, as best the Court can discern, McLemore's claim is centered on his 2011 transfer to Michigan to face charges that originated in 2009. Yet, McLemore did not file the present action until February 2023. (Doc. 1). There are no facts which indicate he has only just become

aware of the issue of the complaint or that he should not have been aware of it years ago. Accordingly, McLemore's § 1983 claim is untimely.

While generally a party may amend his pleading once as a matter of course within twenty-one days after serving it or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Therefore, a prisoner generally must be given an opportunity to amend his complaint. *Dollar v. Coweta Cty. Sheriff Off.*, 446 F. App'x 248, 250 (11th Cir. 2011) (per curiam). However, if amendment would be futile, a court may deny leave to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). Such is the case here. As discussed above, McLemore's claim is plainly barred by the two-year statute of limitations. Thus, any amendment would be futile, and McLemore should not be granted leave to amend.

### III.   Conclusion.

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(i).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this the **18th** day of **March**, 2024.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**